[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of Waterbury. Many of the facts that give rise to this action are not in dispute. The plaintiff, whose maiden name is Sharon Denick, and the defendant were married on June 27, 1998 in Waterbury, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least 12 months immediately proceeding the date the complaint was filed. There are no minor children issue of this marriage and the plaintiff does not have any minor children who were born since the date of marriage of the parties. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. Neither party has received State assistance.
The parties separated on April 17, 2000. The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented, the court finds that each party is equally at fault for the breakdown of the marriage.
The plaintiff has two (2) children from a prior marriage, one born February 12, 1988, the second born June 20, 1990. She receives $200 weekly support for those children. The plaintiff was born on July 1, 1961. She is in good health. She is a registered nurse and graduated college in 1983.
The plaintiff is employed as a registered nurse at the Norwalk Hospital, Norwalk, Connecticut. Her gross base weekly income is $1690 and her net weekly income is $1,276.50. The current cost for the plaintiff for continuation of Norwalk Hospital's individual medical coverage is $335.67 per month, with additional costs for individual dental of $31.58 per month. The plaintiff works in the critical care unit at the Norwalk Hospital caring for critical care patients. She averages 36-40 hours per week of employment. She has liabilities totaling $12,156 consisting of the following:
 (a) a loan from her parents that was incurred July, 2001 with a balance due of $2,500.
(b) a 403(b) loan with a balance due of $7,112 as of December 21, 2001. This loan is duplicated under her deferred compensation portion of her financial affidavit. The total value of that plan is $30,393.67 and she shows CT Page 7208 the same loan outstanding in the amount of $7,112.
 (c) Dr. Gottlieb (orthodontist) with a balance due of $330.
 (d) Matzkin, Krug Danen, P.C. with a balance due of $1,625.
 (e) City of Waterbury automobile tax with a balance due of $589.
The plaintiff owns a 2000 Dodge Caravan with a total fair market value of $14,000, a loan balance of $17,000, and a $3,000 negative equity. She owns household furnishings and household goods with a value of $3,000, and jewelry with a value of $200. She has $300 in her checking account at First Union Bank. She owns stock with a total value of $2,690. In addition to the total value of her 403(b) retirement account of $30,393.67, she has another 403(b) retirement account with a value of $3,078.98. She owns other assets with a total value of $900. In the calender year 1998, the plaintiff had gross wages of $46,143. In the calender year 1999, the plaintiff had gross wages of $38,980.
The defendant was born on March 9, 1958.
The defendant is a self-employed carpenter. His gross weekly income is $800, with a net weekly, income of $675. His financial affidavit of April 2, 2002, shows his rent to be $300 weekly. His actual monthly rent is $1,200 which amounts to approximately $278 weekly. He owes the City of Waterbury $2,200 for real estate taxes. He has a VISA liability with a balance of $500, and a Capitol One liability with a balance of $300 and owes attorney fees in the amount of $5,000. He has a pending federal lawsuit that he values at $10,000. He has $200 in his bank accounts. He has business assets, inventory and equipment with a total value of $30,000. In the calender year 1997, the defendant had gross business income loss of $3,037 from his carpentry business and a loss of $5,498 from rental real estate that he owned at 23 Aetna Street, Waterbury, Connecticut. In the calender year 1998, the defendant had a loss of $1,386 from his carpentry business, and a loss of $2,463 from his Happy Days business of selling beanie babies. In the calender year 1999, the defendant had a loss of $6,015 from his Happy Days business and a net profit from his carpentry business known as Equity Builders of $11,958.
The plaintiff owns a home at 5 White Rose Avenue, Waterbury, Connecticut. The Court finds that the fair market value of that home is $65,000, that it has a mortgage balance of $61,243 and an equity of $3,757. The plaintiff obtained title to that property on April 7, 2000 CT Page 7209 for $65,000. The parties also own a timeshare in Newport, Rhode Island. The Court finds that the fair market value of that timeshare is $9,095 and that it has a mortgage of $9,095 and no equity. The defendant also owns a piece of real estate generally referred to as Lot B, Woodtick Avenue, Waterbury, Connecticut. The Court finds that that property has a total fair market value of $7,500 and that the defendant's one-half interest has a fair market value of $3,750.
When the parties first met, the plaintiff owned a home in Stamford, Connecticut. She had purchased that home in 1984. The defendant lived in Waterbury, Connecticut when they met. The plaintiff sold her Stamford home on June 15, 1998, approximately one week before the parties married. The plaintiff, whose name prior to her marriage to defendant was Sharon Bowser, netted $3,091 from the sale of her Stamford home. The defendant assisted her in selling the home, including doing remodeling work. The $3,091 was used by the plaintiff to pay for the caterer when she married the defendant.
This Court has considered the provisions of § 46b-82 regarding the issue of alimony, and has considered the provision of § 46b-81 (c) regarding the issues of property division, and has considered the provision of § 46b-62 regarding the issue of attorney's fees. The Court enters the following orders:
 ORDERS
A. By Way of Dissolution
1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By Way of Property Orders
1. All of the liabilities shown on the plaintiff's financial affidavit are to be paid by the plaintiff and she is to hold the defendant harmless therefrom.
2. All of the liabilities shown on the defendant's financial affidavit are to be paid by the defendant and he is to hold the plaintiff harmless therefrom.
3. The plaintiff's home located at 5 White Rose Avenue, Waterbury, Connecticut is awarded to the plaintiff.
4. The Long Wharf International Timeshare located in Newport, Rhode Island is awarded to the defendant. CT Page 7210
5. The 2000 Dodge Caravan shown on the plaintiff's financial affidavit is awarded to the plaintiff. She is to hold the defendant harmless from the loan balance thereon.
6. All of the furnishings and household goods and jewelry as well as the First Union checking account shown on the plaintiff's financial affidavit is awarded to the plaintiff.
7. All of the stocks shown on the plaintiff's financial affidavit are awarded to the plaintiff.
8. The two deferred compensation plans shown on the plaintiff's financial affidavit as well as all of the items listed under "all other assets" are all awarded to the plaintiff.
9. All of the defendant's interest in Lot B, Woodtick Avenue, Waterbury, Connecticut is awarded to the defendant.
10. The 1991 Ford Tempo shown on the defendant's financial affidavit is awarded to the defendant.
11. All of the defendant's interest in the federal lawsuit shown on the defendant's financial affidavit is awarded to the defendant.
12. The two Webster Bank checking accounts shown on the defendant's financial affidavit are awarded to the defendant.
13. All of the business assets, inventory and equipment shown on the defendant's financial affidavit is awarded to the defendant.
C. By Way of Alimony
1. No alimony is awarded in favor of either party.
D. By Way of Attorney's Fees
1. No attorney's fees are awarded in favor of either party.
E. Miscellaneous Orders
1. Counsel for the plaintiff is to prepare the judgment file within thirty (30) days and send it to counsel for the defendant for signature and filing.
2. The plaintiff is restored her maiden name of Sharon Lynn Denick. CT Page 7211
Axelrod, JTR